UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

KEVIN LINDKE,

                  Plaintiff,

vs.

JAMES R. FREED
in his individual and official capacities,

                Defendant.

Case No. 2:20-cv-10872

Hon. Mark A. Goldsmith
Magistrate Judge:
Hon. David R. Grand

_____

PHILIP L. ELLISON (P74117)
Outside Legal Counsel PLC
Attorney for Plaintiff
PO Box 107
Hemlock, Michigan 48626
(989) 642-0055
pellison@olcplc.com

TODD J. SHOUDY (P41895)
VICTORIA R. FERRES (P78788)
Fletcher Fealko Shoudy & Francis, P.C.
Attorneys for Defendant
1411 Third Street, Suite F
Port Huron, Michigan 48060
(810) 987-8444
tshoudy@fletcherfealko.com
vferres@fletcherfealko.com

_____

**<u>DEFENDANT'S REPLY BRIEF TO PLAINTIFFS'</u>**
**<u>RESPONSE (ECF No. 28) TO DEFENDANT'S</u>**
**<u>MOTION FOR SUMMARY JUDGMENT (ECF No. 23)</u>**

## **TABLE OF CONTENTS**

**Page No.**

INDEX OF AUTHORITIES …………………………………………………ii

RESPONSE TO STATEMENT OF ADDITIONAL FACTS……………….. 1

ARGUMENT………………………………………………………………… 5

LOCAL RULE CERTIFICATION……………………………………........8

i

# INDEX OF AUTHORITIES

**Cases**

*Barker v. Goodrich*,
  649 F.3d 428 (6th Cir. 2011) ...................................................................6

*Biden v. Knight First Amend. Inst.*,
  593 U.S. ___, at *2-3 (Apr. 5, 2021) ....................................................4

*Campbell v. Reisch*,
  986 F.3d 822 (8th Cir. 2021) ..................................................................7

*Davison v. Randall*,
  912 F.3d 666 (4th Cir. 2019) ..................................................................7

*Knight First Amend. Inst. v. Trump*,
  928 F.3d 226 (2d Cir. 2019)................................................................4, 6

*Manhattan Cmty. Access Corp. v. Halleck*,
  __ U.S. __; 139 S. Ct. 1921 (2019)........................................................4

*Reid v. Sears, Roebuck & Co.*,
  790 G.2d 453 (6th Cir. 1986)..................................................................2

**Rules**

Fed. R. Civ. Pro. 56(c)(1)(A) ....................................................................2

Local Rule 5.1(a)........................................................................................8

## <u>RESPONSE TO STATEMENT OF ADDITIONAL FACTS</u>

23.          Undisputed.

24-25.          Disputed.  Anyone can create a Facebook Page and label it as a "public figure" (see, eg., Ex. 1).

26-30.          Undisputed.

31.          Disputed.  The link provided does not support that statement.

32.          Undisputed.  The owner can also "hide" comments.

33.          Undisputed.

34.          Disputed.  Mr. Freed does not hold a public office; he is an employee of the City of Port Huron. (ECF No. 28-13, Page.ID 1463).

35.          Disputed.  Anyone can create a Page (see, e.g., Ex. 1).

36.          Disputed that Defendant Freed owns the "james.freed.3192" account.  A simple review of the "james.freed.3192" account, attached as Ex. 2, is that it is owned by an individual other than Defendant Freed, apparently also named James Freed, who is pictured with his wife and two young boys.  As Plaintiff is well aware from the JamesRFreed1 account at issue in this case, the picture of the man is not the James Freed he has sued here, the woman in the "james.freed.3192" account is not Defendant Freed's wife, and the two young boys pictured are not Defendant Freed's young daughter—in other words, the picture is of a different family

1

(Compare ECF No. 1-2, ECF No. 28-5 with Ex. 2).  Undisputed that a Facebook user must have a profile to create a page, which Defendant Freed does.  (Exs. 3-4).

37-38.     Disputed.  Mr. Freed unequivocally testified[1] that he posted personal matters (pictures of his dog, dinner, etc.) on his Facebook Page and never made official City announcements. (ECF No. 23-3, Page.ID 671, 673-74).

39.     Disputed.  Plaintiff has provided no evidence for what purpose Mrs. Biden, the Senate Majority Leader, or Governor Whitmer made these posts.

40.     Disputed.  Defendant Freed did not set the Page to be "visible to everyone"; all Pages are: https://www.facebook.com/help/150193685051184.

41.     Disputed.  Mr. Freed's Facebook Page contains no indicia of ownership by the City.   The login account for the Page is jamesfreedfacebook@gmail.com—not a City email address, but Mr. Freed's own personal email (Exs. 3-4).  When the City desired to make "official" Facebook pages, it expressly did so; but it declined to do so for the City Manager (ECF No. 23-4).  Defendant Freed does not want such a Page.  (ECF No. 23-3. Page.ID 680).

---

[1] Plaintiff repeatedly argues that "Freed has not offered any objective evidence of the same other than his own testimony."  (ECF No. 28, PageID.1122).  Rule 56 requires only that a party support factual assertions by "citing to particular parts of materials in the record, including **depositions**, documents, electronically stored information," etc. Fed. R. Civ. Pro. 56(c)(1)(A) (emphasis added).  Plaintiff cannot create an issue of material fact by failing to dispute those facts himself with admissible evidence.  *Reid v. Sears, Roebuck & Co.*, 790 G.2d 453, 458-459 (6th Cir. 1986).

42.          Undisputed.

43.          Disputed.  Defendant Freed's Page had over 5,000 followers, the vast majority of whom were family and friends.  (ECF No. 23-2, Page.ID 688-89).

44.          Undisputed.

45.          Disputed that Defendant Freed's Page was a public forum.  (see ECF No. 23, Page.ID 648-651).  The content of the post in Ex. 2 is undisputed.

46.          Disputed.   Prior to becoming Port Huron's City Manager, Defendant Freed "converted" his profile to a Page to "engage with more friends and family on there."  (Id at Page.ID.669).

47-48.          Disputed.  Plaintiff has provided no citation to the record for this assertion.  Defendant Freed also testified that he deleted things that were "weird" or about his family.  (ECF No. 23-2, Page.ID 679).[2]

49-50.          Undisputed, as her testimony speaks for itself.

51-52.          Undisputed.

52.          Undisputed.

53.          Disputed as to the accuracy of Ms. DeWitt's testimony that these were "mandatory" health guidelines at the time.

---

[2] Plaintiff also claims that the Facebook account and posts were not preserved by Mr. Freed and thus evidence has been "spoiled".  That is not true.  Plaintiff made a request that this information be preserved by downloading the page using the Facebook tools and that was done and provided to Plaintiff in discovery.  The actual account and relevant posts are still accessible online.

54-55.        Undisputed, as her testimony speaks for itself.

56.        Undisputed.

57.        Disputed regarding any future Facebook comments being deleted, as Defendant Freed was forced to close his Page to avoid the "unappetizing choice of allowing all comers or closing the platform altogether." *See Manhattan Cmty. Access Corp. v. Halleck*, __ U.S. __; 139 S. Ct. 1921, 1930-31 (2019).

58.        Undisputed, as her testimony speaks for itself.

59-60.        Undisputed as to her testimony, which speaks for itself. Defendant further states that this "local daycare" is not located in Port Huron.  (ECF No. 28-8, Page.ID 1419).

61.        Undisputed.

62.        Undisputed that Ms. St. John testified she posted this ACLU article summarizing the Second Circuit's decision in *Knight First Amend. Inst. v. Trump*, 928 F.3d 226 (2d Cir. 2019).  The *Knight* decision was vacated by the United States Supreme Court on April 5, 2021, and, therefore, is no longer precedential authority in support of Plaintiff's case, making the article irrelevant.  See *Biden v. Knight First Amend. Inst.*, 593 U.S. ___, at *2-3 (Apr. 5, 2021).

63.        Undisputed.

64.          Undisputed, as her testimony speaks for itself.  Again, Defendant

Freed further states that the daycare referenced is not located in Port Huron, so it is

unclear how he could have "do[ne] his job" to change anything about the daycare.

65.          Undisputed.

66-68.          Undisputed, as her testimony speaks for itself.  Defendant Freed

further states that the sex offender referenced was not living in Port Huron.  (ECF

No. 28-9, Page.ID 1426-1427).

69.          Undisputed.

70.          Undisputed.  See response *supra* regarding the ACLU article.

71.          Undisputed.

72-77.          Undisputed, as their testimony speaks for itself.

78-80.          Undisputed.

81.          Disputed.  Mr. Freed deleted and banned comments because of

Plaintiff's reputation and because he believed the other accounts commenting on the

Page belonged to Plaintiff.  (ECF No. 23-3, Page.ID 677-78).

82-83.          Undisputed.

## ARGUMENT

Plaintiff argues that the Facebook Page of a non-elected City Manager of a

small Michigan town is akin to the Twitter account of the United States' Chief

Executive and Commander-in-Chief (ECF No. 28, Page.ID 1136-1137), despite the

obvious differences pointed out by Defendant in his initial brief.  Plaintiff relies upon the Second Circuit's decision in *Knight*, 928 F.3d 226,[3] which was vacated by the Supreme Court on April 5, 2021, and, therefore, is no longer precedential authority in support of Plaintiff's case.  (Id.)

In his concurring opinion, Justice Thomas found it tenuous that government officials' social media pages could be considered state action when there is no governmental control over the platforms.[4]  *Id.* at *2-3.  Justice Thomas analogized that government officials on social media pages are similar to "government officials who informally gather with constituents in a hotel bar" who "can ask the hotel to remove a pesky patron who elbows into the gathering to loudly voice his views" because the government does not control the space.  *Id.*

Apparently foreseeing the difficulties he would face with the state action analysis with no evidence of government control, Plaintiff makes the baseless argument in his Response that Mr. Freed's Facebook Page is "registered to the City government" solely because Mr. Freed is a City employee.   (ECF No. 28,

---

[3] Plaintiff also heavily relies upon this decision when arguing that Defendant Freed is not entitled to qualified immunity.  The Supreme Court's decision makes clear there is no clearly established law and that Plaintiff misreads *Barker v. Goodrich*, which actually states that "[c]ase law from the Supreme Court, this Court [the Sixth Circuit], and other circuits" is required for a right to be clearly established. 649 F.3d 428, 435 (6th Cir. 2011).  (ECF No. 28, PageID.1144).

[4] Like Defendant did in his initial brief, Justice Thomas also expressed concern about applying the First Amendment to a social media platform over which the platform has ultimate control.  *Id.*

PageID.1121-1122).  Under Plaintiff's theory, social media posts from a part-time high school student working as a City lifeguard would be "registered" to the City merely because the lifeguard is employed by the City.

Mr. Freed's understandable desire to maintain control over his personal page is strikingly similar to that of a state representative addressed in January 2021 by the Eighth Circuit:

> In short, we think Reisch's Twitter account is more akin to a campaign newsletter than to anything else, and so it's Reisch's prerogative to select her audience and present her page as she sees fit. **She did not intend her Twitter page "to be like a public park, where anyone is welcome to enter and say whatever they want."**  Reisch's own First Amendment right to craft her campaign materials necessarily trumps Campbell's desire to convey a message on her Twitter page that she does not wish to convey, even if that message does not compete for room as it would, say, in a campaign newsletter. **While Reisch's posts open up an interactive space where Twitter users may speak, that doesn't mean that Reisch cannot control who gets to speak or what gets posted.  It's her page to manage as she likes.**  Though Campbell and others may not like how Reisch runs her page, "the place to register that disagreement is at the polls," or, at least, on Campbell's own page. [*Campbell v. Reisch*, 986 F.3d 822, 827-28 (8th Cir. 2021) [emphasis added] [citations omitted.]

Just as the Eighth Circuit found in *Campbell*, there is also no state action here.[5]

---

[5] Plaintiff also has no valid *Monell* claim.  In *Davison v. Randall*, the Fourth Circuit found that when a county had no policy regarding banning constituents from social media, the County Board Chair was not the final decisionmaker on the topic because the County Board retained authority to establish this type of policy.  *Davison v. Randall*, 912 F.3d 666 (4th Cir. 2019).  Likewise, the portion of the City Charter cited by Plaintiff expressly indicates that the City Manager "shall carry out the policies formulated by the City Council."  (ECF No. 28-13, Page.ID 1463).

## LOCAL RULE CERTIFICATION

The undersigned counsel certifies that counsel communicated in writing with opposing counsel, explaining the nature of the relief to be sought by way of this motion and seeking concurrence in the relief; opposing counsel thereafter expressly denied concurrence.  I, Todd J. Shoudy, certify that this document complies with Local Rule 5.1(a), including: double-spaced (except for quoted materials and footnotes); at least one-inch margins on the top, sides, and bottom; consecutive page numbering; and type size of all text and footnotes that is no smaller than 10-1/2 characters per inch (for non-proportional fonts) or 14 point (for proportional fonts). I also certify that it is the appropriate length.  Local Rule 7.1(d)(3).

FLETCHER FEALKO
SHOUDY & FRANCIS, P.C.
Attorneys for Defendant
By:  /s/ Todd J. Shoudy
Fletcher Fealko Shoudy & Francis, P.C.
1411 Third Street, Suite F
Port Huron, Michigan  48060
(810) 987-8444
Michigan Bar #41895
tshoudy@fletcherfealko.com

DATED:  April 8, 2021

The undersigned certifies that a copy of the foregoing instrument was served upon Plaintiffs on April 8, 2021, by electronic filing.
/s/ Denise D. McClure
Denise D. McClure
Fletcher Fealko Shoudy & Francis, P.C.
(810) 987-8444
dmcclure@fletcherfealko.com

8